UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JERRY MCKEE,

                Plaintiff,

      -against-

C.O. DONALD BALLARD,
C.O. CHARLES PEREIRA,
C.O. KYLE BROOKS,
SGT. SCOTT HAMEL and
C.O. JONATHON TUCKER,

              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**    9:25-cv-855  AJB/DJS

<u>Plaintiff Demands a
Trial by Jury</u>

      Plaintiff, by his attorneys Sivin, Miller & Roche, LLP, complaining of

Defendants, alleges as follows, upon information and belief:

## THE PARTIES AND JURISDICTION

      1.  That at all times herein mentioned, Plaintiff was and is a citizen of the State of

New York.

      2.  That at all times herein mentioned, Plaintiff was incarcerated at Great Meadow

Correctional Facility (Great Meadow), in Comstock, NY, and was under the care,

custody, and control of the New York Department of Corrections and Community

Supervision (DOCCS).

      3.  That at all times herein mentioned, Defendants were and are citizens of the

State of New York.

      4.  That at all times herein mentioned, Defendants C.O. Donald Ballard (Ballard),

C.O. Charles Pereira (Pereira), C.O. Kyle Brooks (Brooks), and C.O. Jonathon Tucker

(Tucker), were employed by DOCCS as correction officers at Great Meadow.

5. That at all times herein mentioned, Defendant Sgt. Scott Hamel (Hamel), was employed by DOCCS as a correction sergeant at Great Meadow.

6. That at all times herein mentioned, all Defendants herein were acting within the course and scope of their employment.

7. That at all times herein mentioned, all Defendants herein were acting under color of state law.

8. That this Court has jurisdiction over this action in that the action arises under 42 U.S.C. § 1983 and alleges violations of Plaintiff's civil rights, including rights guaranteed under the Eighth Amendment to the United States Constitution.

9. That venue is proper in the Northern District of New York, which is where the events underlying this lawsuit occurred.

## THE FACTS

10. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

11. That on the morning of July 20, 2022, Ballard was escorting Plaintiff from a rotunda area of Great Meadow to Plaintiff's cell following an alleged violation by Plaintiff of a prison rule.

12. That during the course of the escort, Ballard violently grabbed hold of Plaintiff and body slammed him to the floor.

13. That Ballard's act of body slamming Plaintiff to the floor was malicious and sadistic, and was undertaken for the specific purpose of causing pain and suffering to Plaintiff.

14.  That Ballard's act of body slamming Plaintiff to the floor was not undertaken in a good-faith attempt to maintain or restore order, or for any other legitimate penological purpose.

15.  That as a result of being body slammed to the floor by Ballard, Plaintiff sustained multiple severe injuries, including but not limited to multiple facial fractures and fractures of both wrists.

16.  That following this use of force by Ballard, Plaintiff was taken by Pereira, Brooks, Hamel, and Tucker in a bloodied and semi-conscious state to the medical infirmary at Great Meadow, and Pereira, Brooks, Hamel, and Tucker remained with Plaintiff inside the infirmary.

17.  That once Plaintiff was inside the infirmary, it was clear and obvious to Pereira, Brooks, Hamel, and Tucker that Plaintiff was severely injured and semi-conscious, and that he could barely stand on his own.

18. That once Plaintiff was inside the infirmary, he also complained of severe and unrelenting pain, primarily with respect to his broken wrists.

19.  That notwithstanding Plaintiff's physical and mental condition, Pereira, Brooks, and Hamel deliberately failed and refused to obtain immediate medical attention for Plaintiff.

20.  That instead of obtaining immediate medical attention for Plaintiff, Pereira, Brooks, and Hamel forcibly directed the semi-conscious Plaintiff initially to stand and keep both of his arms raised above his head with his hands against the wall, and then to use his badly fractured wrists to remove articles of his own clothing for the purpose of a strip frisk.

21. That due to his semi-conscious state, physical injuries, and the severe pain that he was experiencing, Plaintiff was unable fully to comply with the aforementioned directives.

22. That it was obvious to Pereira, Brooks, and Hamel that, due to his semi-conscious state, physical injuries, and the severe pain that he was experiencing, Plaintiff was unable fully to comply with the aforementioned directives.

23. That notwithstanding that it was obvious to Pereira, Brooks, and Hamel that Plaintiff was unable fully to comply with the aforementioned directives, Pereira and Brooks forcibly grabbed Plaintiff's wrists and other parts of his body and repeatedly forced him against the wall, all of which resulted in additional severe pain to Plaintiff and caused Plaintiff repeatedly to scream out in pain.

24. That Hamel directed and supervised Pereira and Brooks throughout the aforementioned process.

25. That Hamel and Pereira were verbally abusive to and threatened Plaintiff throughout the aforementioned process.

26. That Tucker was present in the infirmary throughout the aforementioned process.

27. That Pereira, Brooks, Hamel, and Tucker observed each other's actions, had reasonable opportunities to intervene to prevent and/or stop those actions, but intentionally and deliberately failed and refused to intervene.

28. That the aforementioned actions of Pereira, Brooks, Hamel, and Tucker were malicious and sadistic, and were undertaken for the specific purpose of torturing Plaintiff and causing Plaintiff to endure additional pain and suffering.

29.  That the aforementioned actions of Pereira, Brooks, Hamel, and Tucker also constituted a deliberate indifference to Plaintiff's serious medical needs.

30.  That the aforementioned actions of Pereira, Brooks, Hamel, and Tucker were not undertaken in a good-faith attempt to maintain or restore order, or for any other legitimate penological purpose.

31. That as a result of the aforementioned actions of Defendants, Plaintiff sustained severe physical injuries, including but not limited to multiple facial fractures and fractures of both wrists, as well as psychological injuries, endured and will continue to endure pain and suffering and loss of enjoyment of life, and was otherwise damaged.

## FIRST CAUSE OF ACTION
**(42 U.S.C. § 1983: Eighth Amendment)**

32.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

33.  That the aforementioned acts by Defendants in their use of excessive and unjustified force against Plaintiff, in intentionally and deliberately failing and refusing to obtain immediate medical attention for Plaintiff, and in intentionally and deliberately failing and refusing to intervene to prevent and/or stop the illegal and unconstitutional actions of their fellow officers, were in violation of the rights guaranteed to Plaintiff under the Eighth Amendment to the U.S. Constitution to be free from cruel and unusual punishment.

34.  That as a result thereof, Plaintiff is entitled to recover damages from Defendants pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff seeks judgment against Defendants, and each of them,

for compensatory damages in an amount to be determined by the trier of fact, and

punitive damages in an amount to be determined by the trier of fact, and Plaintiff also

seeks attorney's fees against Defendants pursuant to 42 U.S.C. § 1988, and Plaintiff also

seeks interest, costs, and disbursements of this action.


Dated:  New York, New York
        June 30, 2025


                              Yours, etc.
                               Sivin, Miller & Roche, LLP


                               *s/ David Roche*
                               David Roche
                               Bar Roll No. 702058
                               Attorneys for Plaintiff
                               20 Vesey Street, Suite 1400
                               New York, NY 10007
                               Telephone: (212) 349-0300
                               E-mail: droche@sivinandmiller.com

6